IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INFINITY AUTO INSURANCE COMPANY, | : CIVIL ACTION |
| v. | : |
| | : NO. 16-4810 |
| SNOW BUTLERS, LLC, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                      **December 2, 2016**

Businesses buy insurance to provide a litigation defense and pay damages when their agents may have caused harm to third parties in a car accident while in the scope of employment. The businesses and insurers negotiate terms and the business will pay premiums dependent upon, among other things, the number and scope of exclusions. We often review insurance exclusions when the business's vehicles are allegedly leased to non-insured parties. Today we address an insurer seeking our declaration it is not responsible to pay for an insured's defense or possible damages in a personal injury case arising from an accident with a truck because the insured allegedly leased the truck to a non-insured company. The insurer sued both the state court plaintiffs and its insured defendants here for a declaration of non-coverage.

The state court plaintiffs move to dismiss arguing the insurer must provide a defense and indemnity to the state court defendants because the subject truck lease is invalid or the insured and non-insured defendants are common instrumentalities or alter egos of each other entitled to coverage. The state court plaintiffs alternatively move for us to stay both discovery and our declaratory judgment resolution because the issues relating to the truck lease and common instrumentality liability are already being fully litigated by and among the state court defendants.

We agree in part. We deny the state court plaintiffs' motion to dismiss but grant their request for a stay of dispositive motions and trial.

**I. Background**

Infinity Auto Insurance ("Infinity") seeks a declaration it has no duty to defend or indemnify Defendants Snow Butlers, LLC, Frederick Francois, Victory Gardens, Inc., JB Bros Landscape Supplies, LLC, Michael Butler, and Karen Butler (collectively "state court defendants") in an underlying tort action pending in state court. In state court, our Defendants Goldy Weaver and John Emmell, husband and wife, sue the state court defendants alleging Ms. Weaver sustained serious and catastrophic injury resulting from a May 2015 collision between her car and a dump truck driven by Defendant Frederick Francois.[1] Weaver and Emmell allege Francois, while driving a dump truck owned by Snow Builders and/or Victory Gardens and/or JB Bros Landscape, crossed the double yellow lines dividing the roadway and collided head-on with Weaver's car.[2]

Infinity issued a commercial auto insurance policy (the "Policy") to Snow Butlers, LLC. At the time of the accident, the dump truck was registered to Snow Butlers and identified as "Vehicle #2" on the Declarations Page of the Policy.[3] Infinity alleges at the time of the accident, Snow Butlers loaned, leased or rented out the dump truck to Victory Gardens under a Truck Lease Agreement dated June 30, 2013 and Francois operated the dump truck while in the course of his employment with Victory Gardens.[4]

The Policy contains Exclusion 27 providing Infinity has no duty to defend or cover:

> "Bodily injury or property damage resulting from the ownership, maintenance, or use of a vehicle while it is being loaned, leased or rented to others, when used in someone else's business and regardless of whether it is pursuant to a written or oral contract."

Infinity asserts Exclusion 27 applies to exclude coverage for Weaver's tort claims because the accident occurred while Francois operated the dump truck for Victory Gardens under the Truck Lease Agreement with Snow Butlers. Infinity attaches the Truck Lease Agreement to its complaint. Weaver, Emmell, and the state court defendants argue there are open factual issues currently being litigated in the state court, namely the validity and authenticity of the Truck Lease Agreement as repudiated by Michael and Karen Butler and resolution of the alter ego allegations regarding Snow Butlers, Victory Gardens, and JB Bros Landscape Supplies.[5]

## II. Analysis

Weaver and Emmell seek dismissal, or in the alternative a stay, of Infinity's declaratory judgment action arguing: Infinity seeks to avoid its duty to defend based on a Truck Lease Agreement existing outside the four corners of the complaint in the state court action and the Policy; Infinity's duty to indemnify is not ripe because the state court action is not concluded; and, this case must be stayed pending resolution of the fact issues in the state court action.

### A. We deny the motion to dismiss.

We begin with Infinity's duty to defend the Snow Butler Defendants in state court. An insurer's duty to defend its insured is a broader than its duty to indemnify.[6] Under Pennsylvania law, we examine whether an insurer has a duty to defend its insured by comparing the policy with the allegations of the underlying complaint.[7] If the allegations of the underlying complaint *potentially* could support recovery under the policy, the insurer has a duty to defend its insured.[8] The insurer's duty to defend continues "until such time as the claim is confined to a recovery that the policy does not cover."[9] When determining whether there is a duty to defend, we do not look outside the allegations of the underlying complaint or consider extrinsic evidence and instead confine ourselves to the four corners of the complaint in the underlying action.[10]

3

We cannot, therefore, consider the Truck Lease Agreement to determine whether Infinity has a duty to defend the state court defendants. Infinity does not disagree with the "four corners" rule, but disagrees with Weaver and Emmell's "strict application" of it, arguing we may consider other evidence to determine Infinity's duty to indemnify. At oral argument, counsel for Infinity suggested it is hard to parse out its duty to defend from its duty to indemnify in this case, and Infinity is currently defending the state court defendants in state court under a reservation of rights.

Infinity argues we may consider the Truck Lease Agreement in determining its duty to indemnify. We find Infinity's supporting authority distinguishable. For example, in *State Farm Fire & Cas. Co. v. Cooper*,[11] the court considered, on the insurer's motion for summary judgment, whether the insurer had a duty to indemnify in an underlying wrongful death action based on the policy's exclusion of intentional acts. The insurer argued the allegations in the underlying action showed the insured defendant, by assaulting the plaintiff in the underlying action, committed an intentional act under the policy exclusion. In concluding the "intended harm" exclusion in the policy applied, the court found the insured defendant's guilty plea to be "conclusive evidence of the intentional nature" of the assault, and also considered the testimony of co-defendants in the criminal trial.[12] Here, unlike *Cooper*, there is no such "conclusive evidence" regarding the Truck Lease Agreement. Similarly, in *State Farm Fire & Cas. Co. v. Bellina*,[13] the court considered the insured defendant's existing conviction of voluntary manslaughter, requiring intent, to apply the policy's intentional acts exclusion. Again, we have no such conclusive evidence here.[14] Instead, we are in the middle of the state court case with the facts at issue.

4

We cannot presently dismiss Infinity's claim. Infinity seeks declaratory relief as to a duty to defend and indemnify. The fact issues preclude us from finding, as a matter of law, Infinity could not plausibly obtain a declaratory judgment and we must deny the motion under our preliminary standard. The issue is now whether we should proceed to resolving this case with overlapping factual issues already before the state court.

**B.     We allow discovery but will stay determinations until further Order.**

Given the unresolved factual issues currently pending in the state court action, we will not venture into the factual thicket surrounding the Truck Lease Agreement and whether the defendant corporate entities are alter egos of themselves which, if true, may render Exclusion 27 inapplicable.[15] Our eventual determination of Infinity's declaratory judgment action depends on resolution of these same factual issues as in the state court action.

The authority cited by Weaver and Emmell support a form of stay, particularly with regard to questions of the potential preclusive effects of any decision we may make.[16] At oral argument, Infinity's counsel indicated Infinity would take discovery in this action and move for summary judgment under Fed. R. Civ. P. 56. We directed Infinity should not duplicate discovery. As the insurer in the state court, it should have some access to the depositions and ongoing discovery. We will allow follow-up discovery on any issue not addressed in the state court discovery. Weaver and Emmell's counsel represented they are weeks away from closing discovery in state court and will be "trial ready" under the state court procedure by mid-January.[17] The state court parties will then move into summary judgment and trial. We are only directing, mindful of Fed. R. Civ. P. 1, the parties move along with any additional discovery behind and without duplicating the state court process until further Order.

Our accompanying Order stays filing of disposition motions and trial until further Order. As the court in *State Farm Fire & Cas. Co. v. Corry* found in staying the declaratory judgment action until resolution of the underlying state court proceeding, "[t]o rule on the indemnification question would require resolution of the merits of the underlying dispute, unduly prejudicing one or more of the litigants in the state court proceeding."[18]

### III. Conclusion

In the accompanying Order, we deny Weaver and Emmell's motion to dismiss but grant Weaver and Emmell's motion to stay dispositive motions and trial.

---

[1] *Goldy Weaver and John Emmell, (h/w) v. Snow Butlers, LLC, Victory Gardens, Inc., Frederick Francois, JB Bros Landscape Supplies, LLC, Michael Butler, and Karen Butler*, Civil Action No. 2015-05986 (C.C.P. Bucks).

[2] *See* Weaver and Emmell's Second Amended Complaint in state court at ¶¶ 12-14 attached to Infinity's Complaint at ECF Doc. No. 1-1. Weaver and Emmell allege negligence per se against Francois (Count I); negligence against Francois (Count II); negligent entrustment against Snow Butlers, LLC, Victory Gardens, Inc., and JB Bros Landscape Supplies, LLC (Count III); respondeat superior against Snow Butlers, LLC, Victory Gardens, Inc., and JB Bros Landscape Supplies, LLC (Count IV); piercing the corporate veil against Snow Butlers, LLC, Victory Gardens, Inc., JB Bros Landscape Supplies, LLC, Michael Butler and Karen Butler (Count V), and a loss of consortium claim brought by Mr. Emmell (Count VI).

[3] Infinity Complaint at ¶ 19 (ECF Doc. No. 1).

[4] *Id.* at ¶¶ 20-22.

[5] In state court, Weaver and Emmell allege Snow Butlers is the alter ego of Victory Gardens; JB Bros Landscape is the alter ego of Victory Gardens and Snow Butlers; Victory Gardens is the alter ego of Snow Butlers and JB Bros Landscape; Snow Butlers is the alter ego of JB Bros Landscape, and Victory Gardens, Snow Butlers, and JB Bros Landscape are all the alter ego of Michael and/or Karen Butler, all having a unity of interest and ownership. *See* ECF Doc. No. 1-1 at ¶¶ 101-126. We are not aware of the manner in which the authenticity of the Truck Lease Agreement is at issue in the state court action and we make no such findings. We know its authenticity is squarely at issue here. We expect to later address this issue when deciding whether to proceed into dispositive motions after discovery.

[6] *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 673 (3d Cir. 2016) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 225 (3d Cir. 2005)).

[7] *Ramara*, 814 F.3d at 673 (citing *Sikirica*, 416 F.3d at 226).

[8] *Ramara*, 814 F.3d at 673 (citing *Sikirica*, 416 F.3d at 226).

[9] *Ramara*, 814 F.3d at 673 (quoting *Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987)).

[10] *Ramara*, 814 F.3d at 673 (quoting *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006)). In *Ramara*, our Court of Appeals characterized the "four corners" rule as really "eight corners" where we examine the four corners of the policy and the four corners of the underlying complaint to determine potential coverage. *Ramara*, 814 F.3d at 673, n.9.

[11] No. 00-5538, 2001 WL 1287574 (E.D. Pa. Oct. 24, 2001).

[12] *Cooper*, 2001 WL 1287574, at *4-*5.

[13] 264 F.Supp. 2d 198 (E.D. Pa. 2003).

[14] Infinity also cites *Nationwide Prop. & Cas. Ins. Co. v. Zatyko*, No. 16-1010, 2016, WL 6804436 (E.D. Pa. Nov. 16, 2016), a recent case from our esteemed colleague Judge Quiñones Alejandro. Nationwide filed a declaratory judgment action seeking a declaration it has no duty to defend or indemnify its insured, Zatyko, in an underlying New Jersey state court action. Zatyko moved, *inter alia*, to strike from Nationwide's complaint a transcript of an audio recording of Zatyko purportedly admitting, during the court of Nationwide's claim investigation, he intentionally assaulted the plaintiff in the underlying state court action. Judge Quiñones Alejandro rejected Zatyko's argument the transcript must be stricken as evidence outside the four corners of the complaint, finding the transcript goes to the duty to indemnify and relates to the facts underlying the claims asserted against Zatyko in the state court action. *Id.* at *5-*6. Here again, there is no such evidence and, as counsel for Weaver and Emmell represented at oral argument, Mr. Butler gave a sworn statement to Infinity repudiating the Truck Lease Agreement.

[15] In their brief, Weaver and Emmell point out a declaratory judgment action filed by United Financial Insurance Company, Victory Gardens' insurer, in the Bucks County Court of Common Pleas has been stayed, attaching the order of The Honorable Alan M. Rubenstein entered in Civil Action No. 2015-7752, *United Fin. Ins. Co. v. Victory Gardens, Inc., Snow Butlers, LLC, Frederick Francois, Goldy M. Weaver, and John Emmell*. *See* ECF Doc. No. 18-3.

[16] *See Terra Nova Ins. Co. Ltd. v. 900 Bar, Inc.*, 887 F.2d 1213 (3d Cir. 1989); *Nationwide Mut. Ins. Co. v. A-1 Bracket, Inc.*, 14 F.Supp. 3d 661 (E.D. Pa. 2014); *State Farm Fire & Cas. Co. v. Corry*, 324 F. Supp. 2d 666 (E.D. Pa. 2004); *Nationwide Mut. Fire Co. v. Shank*, 951 F.Supp. 68 (E.D. Pa. 1997); *see also State Auto Ins. Co. v. Summy*, 234 F.3d 131 (3d Cir. 2001).

---

[17] Counsel for Weaver and Emmell advised us at oral argument the state court action will be certified as trial ready on or around January 7, 2017.

[18] *Corry*, 324 F.Supp.2d at 673 (citing *Pac. Indem. Co. v. Linn*, 766 F.2d 754, 766 (3d Cir. 1985).